**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICALE ASSOCIATES, LLC,<br><br>               Plaintiff,<br><br>v.<br><br>LEON MCGREGOR, et al.,<br><br>               Defendants. | Civil Action No. 15-541 (MAS) (TJB)<br><br>**MEMORANDUM ORDER** |

      This matter comes before the Court on the request of Plaintiff Ricale Associates, LLC, for an extension to respond to Defendants Chase Motorsports, Inc., Dylan Thompson (collectively, "Chase Defendants") and Auto-Owners Insurance Co.'s ("AOI") (collectively with Chase Defendants, "Moving Defendants") separate motions to dismiss. Plaintiff's request (ECF Nos. 13, 14) is made in response to Chase Defendants' supplemental letter brief (ECF No. 12),[1] which asserts that Plaintiff's Amended Complaint (ECF No. 8) was improperly filed in violation of Federal Rule of Civil Procedure 15 and that Plaintiff has failed to oppose the separate pending motions to dismiss. Plaintiff's request, in response, asserts that Moving Defendants' motions are mooted by the Amended Complaint and that Moving Defendants' failure to answer or otherwise move in response to the Amended Complaint puts them in default. This Order is entered in order to clarify the procedural posture of the case.

---

[1] Plaintiff's letter brief is offered as a supplement to its motion to dismiss. In other words, the submission is offered as a sur-reply, which is not "permitted without permission of the Judge or Magistrate Judge to whom the case is assigned." L. Civ. R. 7.1(d)(6). To the extent Plaintiff's letter brief addresses arguments in support of its motion and are unrelated to the propriety of the Amended Complaint, the Court disregards the submission as improper.

Chase Defendants assert that Plaintiff's Amended Complaint was improperly filed without leave of Court. Because Plaintiff previously filed an amended complaint in state court prior to removal, Chase Defendants argue, Plaintiff could not properly file another amended complaint in federal court as a matter of course and without leave of the Court under Rule 15(a)(1)(B).

Chase Defendants are incorrect. The Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court." Fed. R. Civ. P. 81(c). Accordingly, whatever amendments were made in state court are not considered when determining whether Rule 15(a) is applicable. At least one other court in this district has come to the same conclusion. *See Thomason v. Norman E. Lehrer, P.C.*, 182 F.R.D. 121, 128 n.2 (D.N.J. 1998). As a result, Plaintiff's Amended Complaint is proper, and Plaintiff need not have sought leave prior to its filing.

Plaintiff asserts that, because its Amended Complaint was filed after Moving Defendants' Rule 12 motions, Moving Defendants must move again (or file a responsive pleading), and that their failure to do so puts them in default. Plaintiff's argument also suggests that it was not required to oppose Moving Defendants' motions because those motions were rendered moot by the Amended Complaint.

Under the circumstances, the Court disagrees with Plaintiff. AOI expressly requested that its motion be carried over to apply to the Amended Complaint, as the amendment did not affect the claim asserted against it. (ECF No. 11.) In addition, the Chase Defendants' letter brief and other correspondence indicate that many of the arguments made in their motion are still applicable to the Amended Complaint. (ECF Nos. 12, 15.) The Court construes Chase Defendants' submissions as a request to reassert the motion as to the amended pleading insofar as the motion is still applicable. Moreover, the Court has reviewed the motions to dismiss at issue and has determined that many of the issues presented therein are still ripe for decision. Therefore, under

the specific circumstances presented here, the Court determines that the Moving Defendants' motions to dismiss are applicable to the Amended Complaint and need not be refiled.

Based on the above determination, Plaintiff's failure to file opposition to the Moving Defendants' motions leaves those motions unopposed. As a result, the Court will allow Plaintiff an extension to file opposition.

For the above reasons,

**IT IS**, on this 12th day of March, 2015, **ORDERED** that:

1. Plaintiff has until March 23, 2015, to file opposition to the pending motions; and

2. Moving Defendants must reply to any filed opposition by March 30, 2015.

                                                                                   /s/ Michael A. Shipp
                                                                                **MICHAEL A. SHIPP**
                                                                                **UNITED STATES DISTRICT JUDGE**